**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2880-17T2

BARBARA SHAW,

    Plaintiff-Respondent,

v.

MICHAEL SHAW,

    Defendant-Appellant.

_____

Submitted March 19, 2019 – Decided April 1, 2019

Before Judges Fisher and Suter.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-1006-10.

Speck Law Offices, LLC, attorneys for appellant (Michael R. Speck, on the brief).

Brause, Brause & Ventrice, LLC, attorneys for respondent (Peter Ventrice, on the brief).

PER CURIAM

The parties were married in 1982. Throughout their lengthy marriage, defendant Michael Shaw worked as an auto mechanic. In 1996, the parties purchased an automotive business on New Brunswick Avenue in Fords; Michael managed the auto parts business and performed auto repairs on the business's property, while plaintiff Barbara Shaw worked as the business's bookkeeper. The parties' 2010 judgment of divorce gave Michael "sole and exclusive use, possession and occupancy" of the business, including all "rents and income" from the business "without interference [from Barbara] and without accounting or credit for any such rents or income." The judgment also obligated Michael to pay Barbara $800 per week in non-taxable alimony.

In September 2014, Barbara moved for enforcement of the alimony obligation, alleging Michael had been delinquent since December 2013. Michael responded by, among other things, acknowledging he had not been paying the full amount but only because he couldn't afford to, and, so, he cross-moved for a reduction in the alimony obligation. Barbara replied that Michael had grossly understated his income and could "well afford" to adhere to the

2

alimony obligation. The judge determined that a plenary hearing was required to consider whether circumstances had changed and, if so, to what extent.[1]

The judge conducted a four-day hearing over the course of a few months in 2017. He heard testimony from both parties as well as Michael's current wife, whom he married in 2015. The judge rendered an oral decision, concluding Michael failed to prove a material change in circumstances.

The judge found Barbara to be a credible witness but not Michael. The judge determined that the reasons Michael offered as a basis for a reduction in alimony were insubstantial or simply lacked support. For example, the judge pointed out that Michael relied on what he claimed were changes in auto manufacturing in 2003 and 2004 that drastically impacted his business and the fact that his auto parts business closed in 2008. The judge quite correctly found this testimony could not support the claim of changed circumstances because the $800 alimony award was established by agreement in 2010, years after those events. The judge also found cause to question Michael's testimony about a decline in his income, concluding there must have been "a lot of cash which was not reported" because the $800 a week alimony obligation would have made no

---

[1] The parties' cross-motions sought other relief we need not discuss because those issues are not relevant to the disposition of this appeal.

A-2880-17T2

sense if the tax returns accurately described his income. For these and many other reasons recounted in his thorough oral decision, the judge denied Michael's application for a modification of the alimony obligation.

In appealing, Michael argues:

> I. THE MATTER SHOULD BE REMANDED FOR A NEW HEARING, DUE TO THE TRIAL COURT'S IMPROPER USE OF JUDICIAL[] NOTICE AS THE FACTUAL PREMISE FOR THE TRIAL COURT'S DECISION.
>
> II. [MICHAEL] PROVIDED FACTS WHICH CONSTITUTE CHANGED CIRCUMSTANCES WHICH REQUIRED THE MODIFICATION OF THE PAYMENT OF ALIMONY BY [HIM].

We find insufficient merit in these arguments to warrant further discussion in a written opinion, R. 2:11-3(e)(1)(E), and affirm substantially for the reasons set forth by Judge Christopher D. Rafano in his oral decision.

We add only a few brief comments about Michael's argument that the judge erroneously took judicial notice when he said in his decision that it was difficult for him

> to believe that in 7 years there ha[ve] been advances in car manufacturing that eliminate[] the need for maintenance. . . . [C]ars still need maintenance, tires, and brakes, et cetera. And . . . the [c]ourt is aware that some dealers may offer free oil changes, but what about everything else?

4

It is obvious that the judge was not invoking judicial notice, N.J.R.E. 201, when he made this statement. The judge was merely explaining why he found unworthy of belief Michael's unsupported claim that his repair business had declined because car manufacturing had so drastically improved. In considering the credibility of such a claim, the judge was permitted to use his common sense as well as common knowledge. Busci v. Longworth Bldg. & Loan Ass'n, 119 N.J.L. 120, 128 (E. & A. 1937); see State v. Flowers, 328 N.J. Super. 205, 215 (App. Div. 2000).[2] We find no error.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] Even if it could be said the judge took judicial notice of something that required notice, see N.J.R.E. 201(e), Michael should have filed a post-trial motion and explained how he could rebut the judge's assumption that newer vehicles need repairs or servicing.

A-2880-17T2